UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE FIGUEROA,

                            Plaintiff,                    Docket No. 1:18-cv-01789-RA

-against-

                                                        **ANSWER**

117 PERRY STREET PROPERTY LLC and
NEWSTEAD RESTAURANT LLC,

                            Defendants.
----------------------------------------------------------X

        Defendant 117 Perry Street Property LLC, ("Defendants"), by and through their attorneys, the LAW OFFICES OF JASON L. ABELOVE, P.C., answer and respond to the Complaint of Plaintiff JOSE FIGUEROA ("the Complaint") as follows:

        Defendants deny the allegations contained in the unnumbered paragraphs of the Complaint and all headings or captions in the Complaint to the extent that they purport to set forth facts or allegations. Defendants answer and respond to the numbered paragraphs of the Complaint as follows:

## JURISDICTION AND PARTIES

1.   Defendants admit that Plaintiff JOSE FIGUEROA ("Plaintiff") purports to proceed as set forth in paragraph 1 of the Complaint, but deny that there is any basis in law or fact for the Complaint and deny that Plaintiff is entitled to any of the relief requested in paragraph 1 of the Complaint.

2.   The allegations contained in paragraph 2 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that NEWSTEAD RESTAURANT LLC is located in the Southern District of New York.

3. The allegations set forth in paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, the contents of the statute speak for themselves.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and denies that spinal stenosis is a disability under the ADA of 1990.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint except to admit that Defendants are authorized to conduct business within the State of New York and own, lease, and/or operate NEWSTEAD RESTAURANT LLC, located at 117 Perry Street, New York, New York 10014.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

## Count I - Violations of The Americans With Disabilities Act

8. The allegations set forth in paragraph 8 state legal conclusions to which no response is required.

9. The allegations set forth in paragraph 9 state legal conclusions to which no response is required.

10. The allegations set forth in paragraph 10 state legal conclusions to which no response is required.

11. Defendants admit the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. The allegations set forth in paragraph 15 state legal conclusions to which no response is required.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint and respectfully refer all questions of law to the Court.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. The allegations contained in paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

### Count II - Violations of the New York City Human Rights Law

22. The allegations set forth in paragraph 22 state legal conclusions to which no response is required.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants repeat and reallege the answers and denials set forth in paragraphs 1-23 as if fully set forth herein.

### Count III - Violationso of the New York State Human Rights Law

25. The allegations set forth in paragraph 25 state legal conclusions to which no response is required.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants repeat and reallege the answers and denials set forth in paragraphs 1-29 as if fully set forth herein.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

35. The allegations contained in paragraph 35 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint (misnumbered by Plaintiff as 33).

37. Defendants deny the allegations contained in paragraph 37 of the Complaint (misnumbered by Plaintiff as 34).

38. Defendants deny the allegations contained in paragraph 38 of the Complaint (misnumbered by Plaintiff as 35).

39. Defendants deny the allegations contained in paragraph 39 of the Complaint (misnumbered by Plaintiff as 36).

40. This paragraph is misnumbered by Plaintiff as 37. Defendants repeat and reallege the answers and denials set forth in paragraphs 1-39 as if fully set forth herein.

### **Attorneys' Fees and Costs**

41. This paragraph is misnumbered by Plaintiff as 38. Defendants deny that Plaintiff is entitled to attorneys' fees, expenses, and costs.

### Damages

42. This paragraph is misnumbered by Plaintiff as 33. Defendants deny that Plaintiff is entitled to the relief he seeks.

### Injunctive Relief

43. This paragraph is misnumbered by Plaintiff as 34. Defendants deny that Plaintiff is entitled to the relief he seeks.

44. Defendants deny all allegations of the "Wherefore" clause.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on the Defendants, Defendants assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails to state a claim upon which relief can be granted, as Plaintiff lacks standing, does not have a disability under the applicable law, did not visit the premises, and did not intend to return to the premises. Moreover, the premises has "landmark" status, and barrier removals are not "readily achievable", or easily accomplishable under applicable law.

### SECOND AFFIRMATIVE DEFENSE

46. Plaintiff lacks standing to bring some or all of the claims alleged in this action and/or to obtain the relief requested and has failed to properly allege standing to assert any or all of the claims attempted to be alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

47. This Court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

48. Defendants did not discriminate against Plaintiff. Defendants' conduct with respect to Plaintiff conformed to the requirements of all applicable laws, including, but not limited to federal, state and local laws.

### FIFTH AFFIRMATIVE DEFENSE

49. Upon information and belief, Plaintiff's claims are barred in whole or in part because he failed to mitigate his damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, release, delay, waiver, estoppel, acquiescence, and/or other equitable defenses.

### SEVENTH AFFIRMATIVE DEFENSE

51. Any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the applicable law(s) asserted herein were not willful, but occurred in good faith and upon reasonable grounds of believing that Defendants complied with the ADA, New York Executive Law, and the Administrative Code of the City of New York.

### EIGHTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks pursuant to the ADA in a restaurant built before January 26, 1993, are not "readily achievable" or easily accomplishable within the meaning of 42 U.S.C. § 12181(9).

### NINTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA, nor do they trigger an "alteration" legal standard, for reasons including, but not limited to, the disproportionate cost of the modifications sought.

### TENTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims are barred because any alterations made by Defendants are sufficient in that they satisfy the "maximum extent feasible" standard within the meaning of 42 U.S.C. § 12181(a)(1) and 28 C.F.R. § 36.402(a)(1).

### ELEVENTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred because the modifications they seek would cause an undue burden or hardship upon Defendants and therefore should not be granted pursuant to 42 U.S.C. § 12181(b)(2)(A)(ii).

### TWELFTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

57. Defendants are entitled to any and all offsets and/or set offs permissible by law.

### FOURTEENTH AFFIRMATIVE DEFENSE

58. The alleged conditions in violation of the ADA, New York Executive Law, and the New York City Administrative Code are not within the answering Defendants' obligation, possession, control, custody or operation.

## FIFTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including the New York Executive Law § 297(5) and the New York City Administrative Code, Chapter 5 § 8-502.

## SIXTEENTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred because Plaintiff has filed numerous ADA lawsuits and should be declared a "vexatious litigant" who shall seek leave of court before filing additional lawsuits. See *Figueroa v. Whitmans Restaurant Group LL*, 17-cv-6658 (GBH) (SN) (S.D.N.Y. August 31, 2017); *Figueroa v. Yoomee Corp. et al.*, 17-cv-6774 (JGK) (AJP) (S.D.N.Y Sept. 6, 2017); *Figueroa v. Prisinzano. et al.*, 17-cv-07064 (GBD) (DCF) (S.D.N.Y Sept. 16, 2017); *Figueroa v. 25 West 13th Corp.*, 17-cv-7256 (HBP) (S.D.N.Y Sept. 24, 2017); *Figueroa v.Cafe Mogador LLC et al*, 17-cv-7697 (WHP) (BCM) (S.D.N.Y Oct. 7, 2017); *Figueroa v. Lynch et al*, 17-cv-5640 (RRM) (SJB) (E.D.N.Y Sept. 26, 2017); *Figueroa v. Russo et al.*, 17-cv-5722 (WFK) (ST) (E.D.N.Y Sept. 29, 2017); *Figueroa v. Fink et al.*, 17-cv-06112 (NGG) (ST) (E.D.N.Y Oct. 19, 2017); *Hasaki Restaurant, Inc. an Shuji Yagi*, 17-cv-6521(RWS)(JLC).

## EIGHTEENTH AFFIRMATIVE DEFENSE

62. Plaintiff is not entitled to damages or attorney's fees because Plaintiff acted in bad faith by failing to give Defendants notice of the alleged violations prior to filing lawsuit, when alleged violations could be been handled in a cost-efficient manner, in a transparent attempt to extract a settlement.

## NINETEENTH AFFIRMATIVE DEFENSE

63. Some or all of the alleged violations of the ADA and/or related statutes are not related to Plaintiff's alleged disability.

## TWENTIETH AFFIRMATIVE DEFENSE

64. Plaintiff did not possess a bona fide good faith intent at the subject premises and avail himself of the goods and services provided thereby but instead acted for the sole purpose of instituting this lawsuit.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

65. The relief sought by Plaintiff, in whole or in part, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations being offered and therefore should not be granted pursuant to 42 U.S.C. § 12181(b)(2)(A)(ii).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff is not disabled as defined by the ADA and/or related statuses.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

67. Because Plaintiff's Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the rights assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

68. Renovation of the allegedly defective condition at the subject premises as alleged in Plaintiff's Complaint is not readily achievable for the following reasons:

    a. The nature and cost of the action is prohibitive;

    b. The subject premises cannot be reconfigured in any manner which would alleviate

       the allegedly defective condition as alleged in Plaintiff's Complaint;

c.    Renovation of the subject premises in a manner sufficient to remedy the defective condition as alleged in Plaintiff's Complaint present legitimate safety requirements and obstacles; and

d.    The measures necessary to eliminate the defect as alleged in Plaintiff's Complaint would otherwise have a negative impact upon the subject premises and the business operations being conducted thereon.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

69.    The costs associated with elimination of the defect as alleged in Plaintiff's Complaint would make the premises financially undesirable thereby presenting this answering Defendant with an unexpected and undue financial burden and loss which would be irrevocable and permanent.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

70.    Removal of the defect as alleged in Plaintiff's Complaint would be technically infeasible as defined by the ADA Accessibility Guidelines.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

71.    Removal of the defect as alleged in Plaintiff's Complaint would require this answering Defendant to seek variances and/or permits from the City of New York which would, upon information and belief, increase this answering Defendant's tax burden for the subject premises.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

72.    The subject premises which is situated within a designated "Landmarks District" is protected from exterior alterations and is exempt from the obligations, as alleged in the

Complaint, to conform to accessibility requirements of the Americans with Disabilities Act or the Statutes and Ordinances of New York State and New York City.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

73. That the request modifications would impose an undue burden on the Defendant.

## THIRTIETH AFFIRMATIVE DEFENSE

74. That the Defendants adequately provide access through readily achievable "alternative methods."

## THIRTY-FIRST AFFIRMATIVE DEFENSE

75. That prior renovations, if any, did not constitute alterations of the property under the ADA.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

76. That Defendants satisfied the "maximum extent feasible" standard, and that the alterations sought are technically infeasible.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

77. That Plaintiff is not entitled to damages under New York State or New York City laws.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

78. That removal of the alleged barriers would fundamentally alter the nature of Defendant's public accommodations.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

79. That the Court should not exercise its pendent jurisdiction over the state or city claims set forth in the Complaint.

**WHEREFORE,** Defendants respectfully request that judgment be entered in its favor and against Plaintiff, dismissing the Complaint in its entirety, with prejudice, and awarding Defendants their costs, fees and disbursements, including reasonable attorneys' fees, incurred in the defense of this action, together with such other, further or different relief as the court deems just and proper under the circumstances.

## JURY DEMAND

Defendants demand trial by jury of the instant matter.

Dated: Garden City, New York
       May 8, 2018

LAW OFFICES OF JASON L. ABELOVE, P.C.

By: _____
    Jason L. Abelove
    *Attorneys for Defendants*
    666 Old Country Road, Suite 303
    Garden City, New York 11530
    516-222-7000